## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ALLSEAS MARINE CONTRACTORS S.A. and CALAMITY JANE TRANSPORT CHARTERING N.V. | * * * | CIVIL ACTION NO. ADMIRALTY |
| | | U.S. DISTRICT JUDGE |
| **Plaintiffs,** | * | |
| | | U.S. MAGISTRATE JUDGE |
| **VERSUS** | * | |
| **J. RAY MCDERMOTT, S.A.** | * | |
| **Defendant** | * | |

\*     \*     \*     \*     \*     \*     \*

### VERIFIED COMPLAINT

Plaintiffs, Allseas Marine Contractors S.A. and Calamity Jane Transport Chartering N.V. (collectively "Allseas"), file this Verified Complaint in Admiralty against J. Ray McDermott, S.A. ("McDermott S.A."), alleging as follows:

### Parties

1.      At all material times, Plaintiff Allseas Marine Contractors S.A. ("AMC SA") was and still is a foreign business entity incorporated in Switzerland.

2.      At all material times, Plaintiff Calamity Jane Transport Chartering N.V. ("Calamity Jane") was and still is a foreign business entity incorporated in Belgium. Calamity Jane is the owner or disponent owner of the offshore pipelay vessel M/V AUDACIA.

3.      At all material times, Defendant McDermott S.A. was and still is a foreign business entity incorporated in Panama.

**Jurisdiction and Venue**

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1333, and this is an admiralty

and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in

that it involves claims for breach of maritime contracts.

5.     The jurisdiction and venue of this Court is founded on the presence within the

District of property of the Defendant that may be attached by process of maritime attachment and

garnishment under the provisions of Rule B of the Supplemental Rules for Certain Maritime

Claims.

**Substantive Claims**

6.     On May 25, 2018, Allseas entered into a contractual relationship with McDermott

S.A. to provide a vessel, the M/V AUDACIA, and subsea pipelay services to McDermott S.A. in

relation to a deepwater construction project off the coast of India.  For the pipelay services,

Allseas and McDermott S.A. entered into two separate contracts.  On May 25, 2018, AMC SA

and McDermott S.A. entered into Subcontract No. R3454-SC03A for the Provision of Pipelay

Services.  Separately, on May 25, 2018, Audacia Transport Chartering N.V. and McDermott

S.A. entered into Master Bareboat Lease-Hire Agreement No R3454-SC03B for the provision

and use of the vessel M/V AUDACIA in performance of the project.  Further, on May 25, 2018,

Allseas Group S.A., the parent and affiliate of both AMC SA and Calamity Jane, and McDermott

S.A. entered into Bridging Agreement No R3454-SC03C.

7.     Ownership of the M/V AUDACIA subsequently was transferred on December 10,

2018, from Audacia Transport Chartering N.V. to Calamity Jane, a different Allseas entity.  The

Master Bareboat Lease Hire Agreement was accordingly assigned from Audacia Transport

Chartering N.V. to Calamity Jane with McDermott S.A.'s approval on December 10, 2018.

2

8.      The contracts between Allseas and McDermott S.A. are maritime contracts.  They facilitate the production of natural resources on navigable waters and require the use of a vessel to play a substantial role in completion of the contracts.

9.      Allseas carried out the contractual works for provision of the pipelay services. McDermott S.A. accepted that the work was successfully completed by Allseas.  Accordingly, McDermott S.A. executed a Provisional Acceptance Certificate on September 13, 2019, certifying and agreeing that the works were completed and tested satisfactorily.

10.     Despite Allseas successful completion of the contractual work, McDermott S.A. has failed to pay Allseas the full amounts due under the contracts.  Allseas timely invoiced McDermott S.A. for its work and repeatedly demanded payment on its invoices from McDermott S.A.  Allseas also sent McDermott S.A. a formal Notice of Demand for Payment of Overdue Invoices.  Despite Allseas' repeated amicable demand, McDermott S.A. has refused to honor its contractual indebtedness to Allseas.  While McDermott made some initial payments, a significant number of Allseas' invoices remain outstanding and are overdue for payment by McDermott S.A.

11.     The outstanding invoices for which McDermott S.A. is obligated to pay Allseas total about US$7,476,066 and €12,600,400, plus interest under the applicable contractual provisions.

**Underlying Proceedings on the Merits**

12.     Under the terms of the contracts between Allseas and McDermott S.A., disputes between the parties are to be settled pursuant to binding arbitration in Singapore with English law to apply.  Allseas has or will commence arbitration proceedings against McDermott S.A. with respect to the above claims.

3

52343v.1

13.     This action is an ancillary proceeding brought in order to obtain jurisdiction over McDermott S.A. and to obtain security for Allseas' claims in aid of the arbitration proceedings.

14.     As best as can now be estimated, Allseas expects to recover at arbitration at least the invoiced amounts due and payable by McDermott S.A.  Therefore, Allseas' total claim for breach of the maritime contracts against McDermott S.A. is in the aggregate sum of US$7,476,066 and €12,600,400, plus interest.  As of the date of this filing, €12,600,400 converts to US$14,103,703.03 at a rate of €1 to $1.12.  Thus Allseas claim amounts to US$21,579,769.03, plus interest, costs, and attorneys' fees.

### Application for Rule B Attachment and Garnishment

15.     McDermott S.A. is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims of the Federal Rules of Civil Procedure, but McDermott S.A. is believed to have, or will during the pendency of this action, certain assets, accounts, monies, and the like belonging to, claimed by, or for the benefit of McDermott S.A. within this District held by various parties, including as garnishees.

16.     Upon information and belief, McDermott S.A. maintains credits, funds, or other assets in multiple bank accounts in Houston, Texas, in the hands of garnishee, Wells Fargo Bank, N.A.  Any and all funds on deposit in any bank accounts of McDermott S.A. are the property of McDermott S.A. and constitute attachable property within the meaning of Supplemental Rule B.

**WHEREFORE**, Allseas prays that

A.      This Verified Complaint be deemed good and sufficient;

B.      Process in due form of law, according to the practices of this Court in matters of admiralty and maritime jurisdiction, particularly Supplemental Rule B of the Federal

Rules of Civil Procedure, issue against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

C.      A writ of maritime attachment and garnishment be issued by the Court directing that any property, including the credits, funds, accounts, or other assets or effects in the hands of garnishee, Wells Fargo Bank, N.A., be attached to the amount of Allseas' claim stated herein, plus interest, costs, and attorneys' fees pursuant to Supplemental Admiralty Rule B;

D.      All property owned by McDermott S.A. in the hands of Wells Fargo Bank, N.A. be held by such garnishee and not released to McDermott S.A. or any other creditors, or otherwise disposed of without the prior permission of this Court;

E.      The Court retain jurisdiction over McDermott S.A. through the attachment of its property, including the property of McDermott S.A. in the hands of garnishee Wells Fargo Bank, N.A., in order to satisfy all amounts owed to Allseas as set forth herein and to provide security for any award issued in Allseas' favor in the Singapore arbitration proceedings;

F.      The Court grant such further relief as it deems just, equitable, and proper.

Respectfully Submitted,

/s/

MICHAEL A. HAROWSKI (Fed. Id. No. 2202391)
michael.harowski@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Telephone:     504-702-1710
Facsimile:      504-702-1715
Attorney-in-charge

52343v.1

OF COUNSEL

ANTONIO J. RODRIGUEZ (Fed. Id. No. 111518)
antonio.rodriguez@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Telephone:     504-702-1710
Facsimile:      504-702-1715

KEVIN T. DOSSETT (Fed. Id. No. 22749, Tx. Bar No. 24004623)
kevin.dossett@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: 713-353-2000
Facsimile: 713-785-7780


**PLEASE SERVE:**

Wells Fargo Bank, N.A.
1000 Louisiana Street, Tunnel Level
Houston, TX 77002

and

Through its registered agent for service of process
Corporation Service Company dba CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ALLSEAS MARINE CONTRACTORS S.A. and CALAMITY JANE TRANSPORT CHARTERING N.V. | * | CIVIL ACTION NO. ADMIRALTY |
| | * | |
| | * | U.S. DISTRICT JUDGE |
| Plaintiffs, | * | |
| | * | U.S. MAGISTRATE JUDGE |
| VERSUS | * | SECTION: |
| | * | |
| J. RAY MCDERMOTT, S.A. | * | MAG. DIV. |
| Defendant | * | |

\* \* \* \* \* \* \*

## VERIFICATION

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the State and Parish aforesaid, personally came and appeared MICHAEL A. HAROWSKI, who, after being by me first duly sworn, did depose and say that:

1.    He is a partner of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 650 Poydras Street, Suite 2200, New Orleans, Louisiana, 70130, attorneys for Plaintiffs in the above and foregoing Complaint;

2.    He has read the foregoing Complaint and knows the contents thereof, and that the same are true to the best of his knowledge, information and belief;

3.    The sources of information and grounds for the belief being material contained in his file and furnished to him by his clients;

7

4.    He has consulted with the Texas Secretary of State database and records and he has been unable to locate an agent for service of process for defendant J Ray McDermott S.A. in this District;

5.    To the best of his information and belief, the defendants cannot be found within the district;

6.    He makes this affidavit on behalf of Plaintiffs because Plaintiffs are foreign corporations with no local representatives.

_____
MICHAEL A. HAROWSKI

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 6 Th
DAY OF JANUARY, 2020.

_____
NOTARY PUBLIC

ROSS M. MOLINA
NOTARY PUBLIC
Parish of Orleans, State of Louisiana
Bar Number: 31860
Notary Number: 88036
My Commission is issued for Life.

8